IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SHERRIL ARTIS**                                                                                     **PLAINTIFF**

v.                                           No. 4:21-CV-01090-BSM

**SOCIAL SECURITY ADMINISTRATION,**
**Kilolo Kijakazi, Acting Commissioner**
**of the Social Security Administration**                                            **DEFENDANT**

### BRIEF IN SUPPORT OF MOTION TO DISMISS

Plaintiff Sherril Artis, acting *pro se*, has appealed to this Court the final order of her former employer, the Social Security Administration ("SSA") on her employment discrimination claim. *See* Complaint, Doc. No. 1. However, Artis has failed to state a claim upon which relief can be granted. As reflected in her complaint, Artis prevailed in her discrimination claim and SSA awarded damages in her favor. *See id*. at 5. The allegations in the complaint from the period adjudicated in the discrimination hearing are conclusory, and they are insufficient to put this Court on notice of Artis's claims on appeal. To the extent that Artis contests the damages award as inadequate or that she alleges she experienced harassment subsequent to the claims raised in her administrative complaint or related to a 2020 mediation, she relies on claims that she has not administratively exhausted and therefore fail. Accordingly, Artis fails to state a claim upon which relief can be granted, and this Court should dismiss her complaint with prejudice.

**I.      ALLEGATIONS OF COMPLAINT**

Artis filed her complaint in this action on November 15, 2021. *See* Compl., Doc. No. 1. The first two pages of Artis's complaint contain the summons for the complaint. *See*

*id.* at 1-2. The next several pages are a notice and a letter reflecting the SSA's adoption of the decision by the Equal Employment Opportunity Commission ("EEOC") after a hearing on Artis's administrative claim. *Id.* at 3-5. Artis also includes the first page of the EEOC decision rendered on June 4, 2021, followed by two pages regarding filing of appeals. *Id.* at 6-8. On page nine of the complaint, Artis first appears to outline her allegations in the complaint, stating in part:

> I, Sherril Artis, invoke federal jurisdiction after a final order has been declared by the Social Security Administration on the damages that the agency caused in their guilt in violating my civil rights due to my age, my race, and my disability. U.S.C. 42 U.S.C. 1983 or 28 U.S.C. 1343. The United States District Eastern District Court of Arkansas is the proper venue for this case.

*Id.* at 9. Artis goes on to describe allegations of discrimination from 2013 through 2014 that were adjudicated in Artis's favor by the SSA. *Id.* at 9-13. She also alleges discrimination based on facts surrounding her retirement in March 2015 and about a "disturbing" mediation in August 2020, none of which are claims that were accepted by the EEOC or exhausted administratively. *See id.* at 13-17.

Artis filed her complaint with the EEOC alleging that SSA management subjected her to a hostile work environment on the bases of race, age and disability between October 2013 and May 2014. *See* EEOC April 20, 2021 Decision, attached to Motion to Dismiss as Exhibit A, at 1. Artis is African American, was over forty years of age during the relevant period, and had several established serious medical conditions. *Id.* Her complaint proceeded to a virtual hearing before an administrative judge ("AJ") on March 23, 2021, during which six witnesses, including Artis, testified. *Id.* at 1-2. Based on the testimony at

2

the hearing, the AJ concluded that two of Artis's managers had subjected her to a hostile work environment on the bases of race, age, and disability and that she was treated worse than her coworkers who did not share her protected categories. *Id.* at 4-14, 22. The AJ did not find that SSA managers subjected Artis to disparate treatment because she determined that Artis had not established the requisite element of having experienced any "adverse action." *Id.* at 19.

After a hearing to determine damages, the AJ issued a second decision on June 4, 2021. *See* EEOC June 4, 2021 Decision, attached to Motion to Dismiss as Exhibit B. The AJ awarded Artis $100,000 as compensatory damages for emotional distress stemming from the hostile work environment to which she had been subjected. *Id.* at 5. She also awarded Artis reasonable attorney's fees. *Id.* at 7. The AJ ordered SSA to post a notice of the discrimination finding at its Vancouver, Washington field office where Artis had worked. *Id.* at 7-8. In her decision, the AJ stated that "[b]ecause Complainant did not include the February/March 2015 discipline and subsequent alleged constructive discharge in the above-captioned complaint [before the EOOC], I find that Complainant is not entitled to backpay for the years she states she would have continued to work had it not been for the harassment she endured." *See id.* at 5.

On August 11, 2021, SSA issued its final order in Artis's discrimination complaint, adopting the AJ's decision without modification, and fully implementing it. *See* Compl., Doc. No. 1, at 4. The order confirmed that Artis had prevailed on her claim of discrimination based on race, sex, and disability, and ordered the following actions:

1. The Agency shall pay Complainant $100,000 in compensatory damages.

2. The Agency shall conduct EEO training for managers, supervisors and human resources personnel in the Vancouver and Portland offices, to ensure they become aware, and continue to be aware of their obligations, responsibilities, and rights under EEO law, including the right to work in an environment free from discrimination and harassment based on race, age, and disability. This training shall not be less than 90 minutes long, and shall take place within six months of the implementation of this decision.

3. The Agency shall post within the Vancouver Field office a copy of a notice, sufficient under EEOC standards, advising employees of this finding of discrimination. This notice should be signed by a duly authorized SSA representative and should be posted immediately upon the SSA's issuance of the SSA's final order. The notice should be maintained for a period of at least 90 days in conspicuous places where the SSA customarily posts notices that it expects its employees and applicants for employment to see. The SSA should take all reasonable steps to ensure that the notices are not altered, defaced, or covered by any other material. The notices should advise employees and applicants of their rights to be free of employment discrimination, and their EEO remedies.

4. The Agency shall pay Complainant's counsel, Moloy Good, the total amount of $32,739.32 in attorney's fees.

*Id.* at 4-5. The same day, SSA issued a notice of right to appeal the decision within thirty days of the final order to the EEOC Office of Federal Operations. *Id.* at 3. Artis did not appeal the AJ decision to the EEOC Office of Federal Operations, and SSA issued Artis a check for $100,000 on or about September 23, 2021. *See* Proof of Payment, attached to Motion to Dismiss as Exhibit C.

## II.     ARGUMENT

A complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails to state a claim upon which relief may be granted. When ruling on a Rule 12(b)(6) motion, the Court considers only the initial pleadings, including materials

attached to the complaint, and construes the complaint in the light most favorable to the plaintiff. *Brooks v. Midwest Heart Group*, 655 F.3d 796, 799 (8th Cir. 2011); *Quinn v. Ocwen Fed. Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006) (per curiam). A *pro se* complaint is construed liberally. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Nevertheless, dismissal is required when a complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The complaint must "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009) (quoting *Dura Pharm., Inc. v Broudo,* 544 U.S. 336, 347 (2005)).

Rule 12(d) requires that the Court treat a motion to dismiss under Rule 12(b)(6) as a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). However, "documents necessarily embraced by the complaint are not matters outside the pleading." *Enervations, Inc. v. Minn. Mining & Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir.2004) (quotations omitted). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1150–51 (8th Cir.2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir.2003)). The exhibits attached to SSA's motion are the orders issued referred to in Artis's complaint and proof of the payment ordered in the letter from SSA included in the complaint. *See* Compl., Doc. No. 1, at 3-6. Therefore, the exhibits attached to the motionto

5

dismiss are necessarily embraced by the complaint and not matters outside the pleadings that would convert this motion to dismiss to a motion for summary judgment.

### A. Artis's complaint is conclusory and facially insufficient.

Even viewing the allegations in the complaint liberally and in the light most favorable to Artis, Artis's complaint is wholly insufficient. *See* Compl., Doc. No. 1, at 9. The Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *McAdams*, 584 F.3d at 1113. Although *pro se* complaints are construed liberally, "they still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914. The substantive portion of Artis's complaint is limited to the following:

> I, Sherril Artis, invoke federal jurisdiction after a final order has been declared by the Social Security Administration on the damages that the agency caused in their guilt in violating my civil rights due to my age, my race, and my disability. U.S.C. 42 U.S.C. 1983 or 28 U.S.C. 1343. The United States District Eastern District Court of Arkansas is the proper venue for this case.

Compl., Doc. No. 1, at 9. This is a legal conclusion—not a factual allegation.

It is entirely unclear from this statement what, if any, remedy Artis is seeking from this Court. She prevailed in her discrimination claim before the EEOC. *See id.* at 4-6; *see also* April 20, 2021 Decision, Ex. A; June 4, 2021 Decision, Ex. B. SSA adopted the EEOC decision without modification, and fully implemented it in August 2021. *See* Compl., Doc. No. 1, at 4-5. Artis was awarded $100,000 in compensatory damages in addition to attorney's fees and other injunctive relief. *See id.*; *see also* June 4, 2021 Decision, Ex. B. SSA issued payment in full to Artis on or about September 23, 2021. *See* Proof of Payment, Ex. C. Artis's factual allegations about harassing events taking place in 2013 and 2014

were considered by the EEOC judge and adjudicated in Artis's favor. *Compare* Compl., Doc. No. 1, at 9-13, *with* April 20, 2021 Decision, Ex. A. There is nothing in her complaint that indicates what about this decision Artis challenges. Because Artis's complaint fails to clearly raise any issues separated from those already adjudicated and for which she has already been compensated, she fails to state a claim upon which relief can be granted.

**B.    Artis's allegations from 2015 through 2020 are not ripe for judicial review because Artis has not exhausted her administrative remedies.**

Artis's complaint fails to state a claim for which relief can be granted under Title VII because Artis failed to exhaust her administrative remedies for the claims from 2015 through 2020 raised in the complaint. Fed. R. Civ. P. 12(b)(6). Title VII requires that before a plaintiff can bring suit in court to allege unlawful discrimination, she must file a timely charge with the EEOC or a state or local agency with authority to seek relief. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47 (1974); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Title VII requires generally that a plaintiff must file a charge with the EEOC within 180 days "after *the* alleged unlawful employment practice occurred," and give notice to the employer of the circumstances of "*the* alleged unlawful employment practice." 42 U.S.C. § 2000e–5(e)(1) (emphasis added). *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012). Federal employees and applicants have a different complaint process, and generally must contact an agency EEO Counselor within 45 days. 29 C.F.R. § 1614.105. The use of the definite article, as explained in *Richter*, shows that the plaintiff

7

must file a charge with respect to each alleged unlawful employment practice.  686 F.3d at 851; *see also Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court." (citation omitted)). "The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." *Parisi*, 400 F.3d at 585 (citation omitted). Eighth Circuit courts have repeatedly found that when a plaintiff does not file a claim before the EEOC, he or she has failed to exhaust his or her administrative remedies when attempting to bring that claim under Title VII in federal court. For example, in *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 920 (8th Cir. 2018), plaintiff filed an EEOC charge and later sued his employer in federal court prior to being terminated. The plaintiff never filed a new EEOC charge related to his termination; therefore, the district court properly dismissed claims related to his termination based on a failure to exhaust. *Id.* at 920.

Here, Artis's allegations related to an involuntary retirement were not raised at the administrative level and, therefore, were not accepted for review by the EEOC pursuant to Artis's formal EEOC complaint. The administrative judge's decision confirms that Artis's involuntary retirement allegations were not raised before the EEOC. See EEOC June 4, 2021 Decision, Ex. B, at 5 ("Because Complainant did not include the February/March 2015 discipline and subsequent alleged constructive discharge in the above-captioned complaint, I find that Complainant is not entitled to backpay for the years she states she would have continued to work had it not been for the harassment she

8

endured."). Yet, Artis impermissibly reiterates this claim for damages in the instant civil complaint:

> The agency grossly neglected my health, my rights to reasonable accommodations, *and my right to my career* to protect Amy Throop!
>
> \* \* \*
>
> March 26, 2015 Email to Seattle Regional Commissioner, Stanley Friendship. *Informing him of the ongoing harassment that was forcing my retirement.*
>
> \* \* \*
>
> The fault was all with the Social Security Administration. *Award me for the years that I could have worked, if not forced out [b]y Chris Detzler.*

*See* Compl., Doc. No. 1, at 13, 17 (emphasis added). Because she did not contact an SSA counselor within 45 days of her alleged constructive removal or amend her administrative complaint to add this as an issue under Title VII, she failed to exhaust her administrative remedies. Accordingly, this claim must fail.

Likewise, Artis raises an allegation for the first time in her civil complaint that she experienced a "disturbing" mediation in August 2020 and accused Seattle Deputy Regional Commissioner, Alan Heim of "allowing" this harassment. *See* Compl., Doc. No. 1, at 13. But, again, because she failed to raise this claim below, she has failed to exhaust her administrative remedies for these factual allegations. Thus, she has failed to state a claim for which relief may be granted and her complaint must be dismissed.

### III.   CONCLUSION

Artis's complaint is conclusory and facially inadequate, and she raises allegations

that have not been administratively exhausted. Therefore, SSA respectfully requests that this Court dismiss Artis's complaint for failure to state a claim for which relief may be granted.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney
Eastern District of Arkansas

_____
Jamie Goss Dempsey
Ark. Bar No. 2007239
Assistant U. S. Attorney
P.O. Box 1229
Little Rock, Arkansas 72203
Tel. (501) 340-2600
jamie.dempsey@usdoj.gov

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was filed with the Court *via* CM/ECF and a copy was sent *via* U.S. Mail and electronic mail on this 21st day of February, 2023, to the following:

Sherril Artis
5908 Willow Way
North Little Rock, AR 72117

_____
Jamie Goss Dempsey
Assistant U.S. Attorney
