# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**SHERRIL ARTIS**                                                                               **PLAINTIFF**

**v.**                             **CASE NO. 4:21-CV-01090-BSM**

**SOCIAL SECURITY ADMINISTRATION**                                          **DEFENDANT**

## ORDER

The Social Security Administration's motion to dismiss [Doc. No. 13] is granted, and this case is dismissed without prejudice. Sherril Artis's motion for the appointment of counsel [Doc. No. 7] is denied as moot.

Artis was successful on her administrative claim against the Social Security Administration (SSA), her former employer. Compl. at 4. The Administrative Law Judge (ALJ) awarded Artis $100,000 in damages, and found that, between 2013 and 2014, Artis had been subjected to a hostile work environment and discriminated against because of her race, age, and disability. *Id.* at 4. Artis then sued, and the SSA is moving to dismiss her claims, alleging that: (1) Artis's complaint is conclusory and fails to state what relief she seeks; and (2) to the extent that Artis contests the damages award or alleges harassment after the claims raised in her administrative complaint, those claims have not been exhausted.

To survive a motion to dismiss, Artis must allege facially plausible facts that are sufficient to state a claim for the relief she is seeking. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires her to show that success on the merits is more than a "sheer possibility."

*Id*.  It is not, however, a "probability requirement."  *Id*.   The SSA argues that Artis's complaint is conclusory and fails to clearly state the relief she seeks.  Br. Supp. Def.'s Mot. to Dismiss, Doc. No. 14 at 6–7.  Although the SSA relies on exhibits not attached to the complaint, there is no need to convert the motion to one for summary judgment as the exhibits—the ALJ's orders and the check confirming payment—are referenced by and provided in part by Artis.  Compl. at 3–8.  The SSA's exhibits are therefore "embraced by the pleadings." *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

      Artis's complaint is not consistently clear.  It states: "I, Sherril Artis, invoke federal jurisdiction after a final order has been declared by the Social Security Administration on the damages that the agency cause in their guilt in violating my civil rights due to my age, my race, and my disability."  Compl. at 9.  It appears, however, that Artis is suing because she believes the ALJ committed error when it failed to consider her retaliation claim.  Compl. at 39–42 (alleging "[t]he judge did not address the retaliation that I was experiencing . . . I asked that retaliation be part of my EEO complaint over and over again.").  It also appears that she is suing because she disagrees with the damages awarded by the ALJ.  Neither of these claims are ripe for adjudication.

      First, the SSA correctly points out that Artis has failed to exhaust her administrative remedies on the retaliation claim.  On February 23, 2015, the EEO Investigator explained to Artis that her "claim of retaliation was not included in the January 14, 2015 Acceptance

Letter from your Agency.  If you want me to include retaliation in my investigation please advise and I will email the retaliation questions to you in a Supplement Affidavit." Compl. at 41.  The investigator provided Artis with a supplemental affidavit and certification form with instructions on how to complete the documents and return them.  *Id.* at 40.  Nothing in the record, however, shows that Artis completed and submitted the forms.  In May 2015, Artis emailed another EEO Specialist stating "I want to file a separate EEO complaint for retaliation." *Id.* at 42.  The EEO Specialist replied, "I can definitely add an additional claim of discrimination to your open case" and she provided a bullet point list of information needed to file a new claim.  *Id.*  Again, nothing in the reord shows that Artis provided the needed information.

As to the issue of damages, the SSA correctly points out that the ALJ's consideration of Artis's claims was specifically narrowed to events occurring between 2013 and 2014.  EEOC Decision dated April 20, 2021, Doc. No. 13-1.  At the damages hearing, Artis asked for five years of backpay and three years of backpay as a rehired annuitant.  EEOC Decision dated June 4, 2021, Doc. No. 13-2 at 1–2.  Artis explained that she was pressured to retire after being disciplined in March 2015.  *Id.* at 3; Compl. at 55–60.  The ALJ awarded damages for the emotional distress Artis suffered from 2013 to 2014, but denied her request for backpay.  The ALJ found that:

> Because Complainant did not include the February/March 2015 discipline and subsequent alleged constructive discharge in the above-captioned complaint, I find the Complainant is not entitled to backpay for the years she states she would have continued to work had it not been for the harassment she endured.

> Similarly, I find that Complainant is not entitled to three additional years of backpay as a rehired annuitant. Not only were there intervening factors between the harassment in this case and her decision to retire, she did not apply to the rehired annuitant program, making recovery for such a program speculative at best.

EEOC Decision dated June 4, 2021 at 5.  Artis did not appeal this award; however, she is now suing for relief from it.  Compl. at 3, 9; EEOC Decision dated June 4, 2021, at 10–11.

To preserve her Title VII claims, Artis was required to file a charge of discrimination with the EEOC within 45 days of the unlawful employment practice.  29 C.F.R. § 1614.105(a); *Wilkie v. Dep't of Health & Hum. Servs.*, 638 F.3d 944, 951 (8th Cir. 2011). In her response to the SSA's motion to dismiss, Artis contends the ALJ failed to give appropriate weight to the following: 1) Chris Detzler's slander of her; 2) the amount of mental health counseling she endured as a result of the harassment; 3) that she was forced to retire; and 4) the stress she was under at home.  Doc. No. 21.  Artis also asserts that she provided paperwork in support of her retaliation claim.  *Id.* at 3.  There is no evidence, however, that Artis filed a charge of discrimination for constructive discharge or discrimination raising the issue of retaliation.

For the foregoing reasons, SSA's motion to dismiss is granted and this case is dismissed without prejudice.

IT IS SO ORDERED this 18th day of September, 2023.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE